pensatory and punitive damages in an action of trespass. Nor do we think the evidence rejected could be considered in mitigation of damages of either kind. It did not affect them. As we have before indicated, the breach of a contract furnished, in our opinion, no justification, either complete or partial, for the trespass, which should have been judged, as it undoubtedly was, by the jury without reference to such alleged breach.

In this view of the case we find no reversible error in the proceedings below. The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*

## The Standard Brewery, Defendant in Error, v. Henry Finkelstein, Plaintiff in Error.

### Gen. No. 19,439. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

### Statement of the Case.

Action by The Standard Brewery, a corporation, against Henry Finkelstein to recover $373.14 alleged to be due to plaintiff under the terms of a written contract. By the contract defendant agreed to buy beer from the plaintiff from November 1, 1910, until April 30, 1912, at a certain price per barrel and plaintiff, in consideration of defendant using the beer during said period, agreed to loan the defendant certain fixtures and to make certain improvements in the premises, the cost of which would be returned to the plaintiff in case there was a breach of the contract by defendant. The improvements were made and paid for

by plaintiff. About March 25, 1912, defendant closed his saloon business and refused to take any more beer. To reverse a judgment entered in favor of plaintiff on an instructed verdict, defendant prosecutes a writ of error.

The defense made to the action was that plaintiff first broke the contract in charging him more than the contract price for beer during three certain months. The evidence showed that the overcharge was an oversight which was later corrected when the matter was brought to the attention of the proper officers of the plaintiff, and that defendant thereafter continued to take beer.

LEO B. LOWENTHAL and JOSIAH BURNHAM, for plaintiff in error.

BAKER & HOLDER, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 396*—*when direction of verdict not error.* In an action to recover the cost of saloon fixtures and improvements alleged to be due under the terms of a written contract to buy beer of plaintiff, the giving of an instruction to find for plaintiff *held* not error, it appearing there was no evidence in the case for the defendant to go to the jury.

---

William Locke Rohrer, Appellee, v. Bertha Manning Hoberg et al., on appeal of Bertha Manning Hoberg, Appellant.

### Gen. No. 19,485. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MICHAEL L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.